IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHANNON L. LEVY,

    Plaintiff,

vs.                        Case No.   1:15cv251-MP/CAS

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social
Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting an award of attorney fees in the amount of $3,890.49 plus costs in the amount of $420.88.   ECF No. 19.   Plaintiff requests a fee award based on 20.5 hours of attorney time at the hourly rate of $189.78.   Dates and descriptions of services are provided.   *Id*.   Defendant does not object to the fee and costs.   *Id*.

---

[1]   Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this case.

Case No. 1:15cv251-MP/CAS

In this district, Social Security cases involving review of a Commissioner's decision to deny benefits typically require 25 to 30 hours to complete.  *See, e.g.,* Jackson v. Astrue, No. 3:09cv218/MCR/MD, 2010 WL 2330269, *2 (N.D. Fla. May 11, 2010); *see also* Seamon v. Astrue, No. 03:10-cv-06421-HU, 2012 U.S. Dist. LEXIS 148584, *4 (D. Or. Sept. 18, 2012) (range of 20 to 40 hours).   In this case, the total recorded time is reasonable.   Based on this Court's review of the entire record, a reasonable fee award is $3,890.49.   An award of costs is also reasonable in the amount of $420.88.

In accordance with Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010), the EAJA fee should be made payable to Plaintiff, not to Plaintiff's attorney.  Since the fee was assigned to Plaintiff's attorney, Defendant has no objection to payment of the fee to Plaintiff's attorney so long as Plaintiff has no debt to the United States, and will offset any such debt before payment.

**RECOMMENDATION**

Accordingly, it is respectfully recommended that Plaintiff's motion for attorney's fees, ECF No. 19, be **GRANTED** and that Plaintiff's request for the payment of costs also be **GRANTED**.   The Commissioner may offset from this amount any debt owed by the Plaintiff to the United States that

may be identified by the Department of Treasury and any ultimate distribution shall be made in accordance with Astrue v. Ratliff.

**DONE AND ORDERED** on October 18, 2016.

**S/   Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**